Filed 5/3/16  P. v. Deshone CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B262327 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA386199) |
| v. | |
| JEREMY SHANTELL DESHONE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed.

Nikoo N. Berenji, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Jeremy Shantell Deshone appeals from his conviction following a nolo contendere plea to a violation of Penal Code section 211,[1] and the trial court's denial of defendant's motion to withdraw his plea. We have reviewed the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*) and see no arguable error that would result in a determination more favorable to defendant. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the crime are taken from the transcript of the preliminary hearing. Victim Gino T. placed an iPad for sale on Craigslist. A man contacted Gino about the iPad, and agreed to meet near Gino's apartment in Los Angeles. Gino met three men in a Mitsubishi Lancer at the curb outside his apartment. Defendant was seated in the back seat on the passenger side. Gino had a new iPad in the manufacturer's box. Defendant and the man sitting in the front passenger seat asked to see the iPad, so Gino opened the box, took the iPad out, and showed it to them without handing it to them. Defendant grabbed the iPad but Gino did not let go, so Gino was pulled partway into the car. Gino saw that as defendant was pulling the iPad with his left hand, defendant's right hand was on or near the grip of a gun in his waistband. Gino let go of the iPad and withdrew from the car, and the men drove away. Gino went into his apartment to get his keys, got in his car, and chased the men several blocks in an attempt to get a license plate number, but was unsuccessful. He simultaneously called 911, and the operator instructed him to stop chasing the men, so he went back home. The man in the front passenger seat later admitted to being present when the crime occurred, and reported that the iPad was pawned at a pawn shop for $50.

The People charged defendant with robbery in violation of section 211. At some point not reflected in the record on appeal, the People added an enhancement alleging personal use of a firearm in the commission of the crime in violation of section 12022.53, subdivision (b). Defendant initially pleaded not guilty at his arraignment on November

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

29, 2011. After several trial continuances, defendant pleaded no contest on June 17, 2013. In exchange for defendant's plea, the People dismissed the firearm enhancement allegation. The following exchange occurred at the hearing:

"[Prosecutor]: You are charged . . . with the crime of second degree robbery, in violation of Penal Code section 211. That is a felony. It is further alleged you personally used a firearm, in violation of Penal Code section 12022.53(b). The maximum time you could be sentenced on this charge as it is alleged is 15 years state prison. In exchange for your plea here today, the People have agreed to strike the gun allegation and permit you to plead to the term of five years state prison. Is that your understanding?

The defendant: Yes, ma'am.

[Prosecutor]: Has anyone made any threats or promises to you or anyone close to you to get you to plead today other than what we have stated in court?

The defendant: No, ma'am.

[Prosecutor]: Are you doing this freely and voluntarily because you feel it is in your best interest?

The defendant: Yes, ma'am."

Defendant also stated that he knowingly waived his right to a jury trial. The prosecutor explained that this offense was a strike under the Three Strikes Law, and defendant said he understood. The prosecutor asked, "On or about the date of June 22nd, 2011, you committed the crime of second degree robbery in violation of penal code section 211, a felony, what is your plea? The defendant: No contest. [Prosecutor]: Do you understand your plea of no contest will be treated the same as a guilty plea by this court? The defendant: Yes." The court stated, "The court finds the defendant, Jeremy Deshone, has knowingly, expressly, and understandingly waived his statutory and constitutional rights in this case. The court further finds Mr. Deshone's plea is freely and voluntarily made with a full understanding of the nature of the charges and the nature of the consequences." The court continued the date of defendant's sentencing to September 30, 2013.

After continuances spanning more than a year, defendant filed a motion to withdraw his plea. Neither the motion nor the opposition is in the record, and the superior court clerk filed a certificate stating that the motion was not found in the court file. At the hearing on December 30, 2014, counsel for defendant said that the victim "said many, many things that were opposite from each other." She asked that the court determine if defendant's plea was intelligent, free, and voluntary. Nothing else was said about the contents of the motion. However, defense counsel asked the court to strike several statements apparently included in the People's opposition to defendant's motion, including the prosecution's characterization of the crime, statements about defendant's failure to appear for sentencing, and references to defendant's other convictions.

The prosecution opposed defense counsel's requests to strike these statements, and offered the testimony of Lee Brewster, defendant's attorney at the time he pleaded guilty, who was present in the courtroom. The court said it did not need to hear Brewster's testimony.

The court asked defense counsel if she had any additional statements. Defense counsel said that defendant "absolutely had a bona fide defense to the gun." She explained that the victim's testimony was inconsistent as to what he reported to the 911 operator, what time of day the incident occurred, how many of the car's occupants had guns, and other details. As a result, she argued, "There was plenty in this case to show that the victim is not believable or credible. So there definitely was a defense." In addition, defense counsel argued that defendant did not understand what was involved in the plea agreement: "I think it's clear and convincing that he doesn't understand. Understanding what's going on in a courtroom is very difficult, especially in a plea. [It's hard to] get through to people with average intelligence, which Mr. Deshone doesn't have which is obvious from the records that I submitted to the court. So I think we have shown by clear and convincing evidence that he didn't understand."

The trial court noted that it had read the documents submitted by the parties, and held that defendant had not met his burden to show that the plea was not free, intelligent, and voluntary. The court therefore denied the motion. The court sentenced defendant to

4

the high term of five years pursuant to the plea agreement, and accounted for the time defendant had already been in custody. The court set a restitution hearing for a later date.

On February 17, 2015, defendant appealed from his plea. He also filed a request for a certificate of probable cause, which stated, "I did not know what I was agreeing to and my counsel told me otherwise. I feel like I was wrongfully sentenced and that my rights to a jury trial were violated because of ineffective assistance in [sic] counsel." With these documents, defendant included a handwritten letter, stating that he had been misled by his attorney when accepting the plea. According to the letter, defendant's former counsel said the victim's inconsistent statements provided a strong defense. Later, the attorney said defendant could get up to 15 years, and asked if he was willing to plead. Defendant said he would be willing to accept "a joint suspension just like my codefendants got." They returned to the courtroom: "I went in and the judge spoke which I did not understand but my counsel told me when to say yes so I just repeated after him . . . ." Counsel later told defendant he needed to return to court to begin his five-year sentence, "so I asked him five year joint suspension and he said no the judge want [sic] me to do five years state time with a strike and I told him that's not what I agreed to . . . ." Defendant concluded, "I feel that I was forced into takeing [sic] a deal that I did not understand and that my rights to a jury trial was [sic] violated."

On February 26, 2015, defendant filed an amended notice of appeal, which specified that he was appealing from the denial of his motion to withdraw his plea. He also filed an amended request for a certificate of probable cause, which stated, "Defendant did not understand the court proceedings at the time of the plea. Defendant repeated what his attorney told him to say, but did not understand that he was pleading guilty and did not understand to what charge." The court granted the amended request for a certificate of probable cause.

On October 26, 2016, defendant's appointed counsel on appeal filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d at p. 441.) The same day, we directed counsel to send the record and a copy of the brief

5

to appellant, and notified him of his right to respond within 30 days. Appellant did not respond.

## DISCUSSION

We have reviewed the record and find no error.

"The decision to grant or deny a motion to withdraw a guilty plea is left to the sound discretion of the trial court. [Citations.] 'A denial of the motion will not be disturbed on appeal absent a showing the court has abused its discretion.' [Citations.]" (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.)

"On application of the defendant at any time before judgment . . . , the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) "To establish good cause to withdraw a guilty plea, the defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress. [Citation.] The defendant must also show prejudice in that he or she would not have accepted the plea bargain had it not been for the mistake. [Citation.]." (*Breslin, supra,* 205 Cal.App.4th at p. 1416.)

Defendant's motion to withdraw his plea is not included in the record on appeal. The materials in the record, however, indicate that defendant was not misled about the import of his plea. His handwritten letter accompanying his notices of appeal and requests for certificates of probable cause indicate that defendant is reasonably proficient in English, and that he understood the case against him, the proceedings, and the plea agreement. Defendant argued in his letter that he did not understand that he was agreeing to five years in state prison. But that assertion is directly contradicted by the clear testimony from the hearing, in which defendant acknowledged his sentence: "In exchange for your plea here today, the People have agreed to strike the gun allegation and permit you to plead to the term of five years state prison. Is that your understanding? The defendant: Yes, ma'am." In addition, defendant testified that he was entering the plea freely and voluntarily because he felt it was in his best interest.

6

In his request for a certificate of probable cause, defendant stated that he pleaded "guilty to count 1 of the information which I now know to be robbery," but at the time, "I did not understand that I was pleading guilty and [I] did not understand to what charge." At the hearing, however, the prosecutor made it clear that defendant's plea was in relation to the robbery charge: "On or about the date of June 22nd, 2011, you committed the crime of second degree robbery in violation of penal code section 211, a felony, what is your plea? The defendant: No contest. [Prosecutor]: Do you understand your plea of no contest will be treated the same as a guilty plea by this court? The defendant: Yes." The record therefore does not support defendant's arguments.

The trial court made clear on the record that it considered defendant's moving papers, the transcripts, and other documents filed in the case. There is no indication that the trial court abused its discretion by entering judgment on defendant's plea or denying defendant's request to withdraw his plea. We have examined the entire record, and are satisfied appellate counsel has fully complied with the required responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende*, *supra*, 25 Cal.3d at p. 443.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

7